IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GOLDEN LIVING CENTER-GRAND ISLAND LAKEVIEW,<br><br>    Plaintiff,<br><br>  v.<br><br>KATHLEEN SEBELIUS, Secretary of the United States Department of Health and Human Services,<br><br>    Defendant. | 8:11CV119<br><br>MEMORANDUM AND ORDER |

  This matter is before the court on plaintiff's challenge of the defendant Secretary of Health and Human Services' ("Secretary") interpretation of one of her administrative appeal regulations. The issue presented appears to be one of first impression in this and other courts. The plaintiff asks this court to remand this case to the Secretary for further review.

  Plaintiff is a Medicare-certified nursing facility located in Grand Island, Nebraska. The Secretary is the regulatory agency governing the administration of nursing facilities. The Secretary contends that petitioner allowed "sexual abuse," and failed to prevent such sexual abuse, in its nursing home facility when two residents with dementia were observed behaving in an allegedly sexual manner. Plaintiff argues there is no evidence that anything of a sexual nature occurred and that the two people in question were only holding hands and hugging. The Secretary agues that the male resident was observed feeling the breasts of a female resident and putting his hands in the female resident's pant leg near the crotch area. Plaintiff filed an appeal of the finding and filed a motion for summary

judgment. The Secretary did not oppose that motion. The Secretary ultimately determined that the case should be dismissed.

The regulatory process is as follows. The Secretary (through her surveyors) must "survey" each nursing home approximately once a year as well as respond to random complaints. The survey team can cite "deficiencies" if they find any. Most facilities receive deficiencies. Sanctions are applied depending on severity of harm, which range from "potential" to "actual" harm. A facility can also be terminated from the Medicaid/Medicare programs, denied payments for new admissions, and civil monetary penalties imposed. When a nursing facility disagrees with the findings, the facility is permitted in some cases to request review by an administrative law judge ("ALJ"). 42 U.S.C. §§ 405(g) and 1395i-3(h)(2)(B)(ii); 42 C.F.R. § 498.1 *et seq*. It appears from the statistics offered by the plaintiffs that there are only five ALJs who work on these appeals, and the workload is more than the Secretary can handle for the thousands of facilities throughout the United States.

In this case the Secretary instructed her ALJ to dismiss the plaintiff's appeal. When this happened, plaintiff agreed to withdraw the appeal, rather than waiting for the Centers for Medicare and Medicaid Services ("CMS") to file a motion dismissing the appeal. The ALJ then formally dismissed the appeal. However, the ALJ's order dismissing the appeal specifically recited that it was not final and that the plaintiff could move to vacate the dismissal under 42 C.F.R. § 498.72 within 60 days.

Plaintiff filed such a motion asking that ALJ to vacate the order. Plaintiff filed this motion because a week after the ALJ dismissed the initial appeal, the CMS issued a memorandum that revised its "Special Focus Facility" program. This program allows the

Secretary to identify and sanction nursing facilities that have a history of poor surveys based on findings of "actual harm." These facilities will receive additional state surveys, more stringent surveys, and immediate and significant sanctions. Additionally, the facility will be listed on public Web sites, and media will have access to this information. Under this Special Focus Facility program, the plaintiff would be listed for "sexual abuse" without noting there was an appeal, without discussion of the facts, and without listing the dismissal by the Secretary. The underlying allegation of "sexual abuse" will be left on the record and available for use in other regulatory actions and proceedings.

When plaintiff tried to vacate the appeal, the ALJ dismissed the appeal and did not address the merits, based on the Secretary's interpretation of 42 C.F.R. § 498.3(b)(13), that you cannot appeal unless you have a noncompliance plus sanctions. Because she "withdrew" her sanction, the Secretary argues that plaintiff cannot appeal. It is the interpretation by the Secretary that when the noncompliance and sanctions are withdrawn, she can still leave the allegations intact and publish those allegations without allowing the party to have a statutorily defined appeal process.

The new Special Focus Facility program regulation, as interpreted by the Secretary, allows plaintiff's facility to be severely penalized without a decision on the merits having been reached. The Secretary appears to argue that she can dismiss appeals, and withdraw her sanctions, but she can still use the allegations of noncompliance to bootstrap on other actions. For this reason plaintiff wants to appeal the finding of the survey team, as to the existence of "sexual abuse." Plaintiff contends that it is entitled under the law to seek review of the allegations of noncompliance as well as the sanctions imposed on it.

The plaintiff asks this court to order the Secretary to allow administrative review of the merits, as there has been no final review of the merits.[1]

The court notes the law is such that generally the nursing facility is not permitted to proceed with an administrative appeal where the Secretary withdraws a finding of noncompliance and subsequently withdraws the sanction. *See, e.g., Fountain Lakes Health and Rehabilitation Center v. CMS*, DAB Decision No. 1985 (2005). (According to plaintiff, there are at least thirty such ALJ decisions since 2004 reported on the CMS Web site. Filing No. 20, plaintiff's brief, at 13.) However, this case is unique in that the new policy clearly changes the status of the dismissal of the appeal. It defies logic to say that a nursing home can be charged with allowing sexual abuse, and yet it cannot appeal such a finding and, if it does appeal, the Secretary can dismiss the appeal and still penalize the facility charged with the alleged conduct.

There is no question that the sanctions imposed as a result of a finding of "actual harm" could be onerous for a nursing facility. This is particularly true where as in this case the plaintiff, who has had its appeal rights denied, can suffer severe penalties in later enforcement actions. The Secretary did make a finding of noncompliance and she did impose a sanction. The sanction was in place for three days and affected the Medicare/Medicaid admissions and reimbursements.

Plaintiff argues, and this court agrees, that it is entitled to appeal the merits of this finding. This appeal was properly initiated under the Secretary's regulations in the first instance. *See* 42 C.F.R. § 498.3(b)(13); *Shalala v. Illinois Council on Long Term Care*, 529

---

[1] In the alternative, plaintiff asks this court to review the merits.

U.S. 1 (2000) (parties should proceed through special review channels created by the Medicare statutes before judicial review). The Eighth Circuit has held that sanctions imposed for regulatory noncompliance against nursing homes implicate protected property interests. See *Grace Healthcare of Benton v. DHHS*, 589 F.3d 926 (8th Cir. 2009), amended 603 F.3d 412 (2009) and by Order dated March 31, 2010.

This case is hereby remanded to the Secretary to allow an administrative law judge to develop the record on the merits of this case, so as to permit judicial review at a later date, if necessary. If the Secretary chooses not to permit the appeal on the merits, this court will allow the plaintiff to file a motion to reopen this case on the merits.

THEREFORE, IT IS ORDERED that this case is hereby remanded to the Secretary to allow an administrative law judge to develop the record on the merits of this case.

DATED this 16th day of December, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.