IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GOLDEN LIVING CENTER-GRAND ISLAND LAKEVIEW,<br><br>            Plaintiff,<br><br>   vs.<br><br>KATHLEEN SEBELIUS, Secretary of the United States Department of Health and Human Services;<br><br>            Defendant. | 8:11CV119<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on defendant Secretary of Health and Human Services' ("Secretary") motion for reconsideration, Filing No. 26, of this court's previous Memorandum and Order, Filing No. 25. In that order, the court remanded the case to the Secretary to allow an Administrative Law Judge ("ALJ") or Appeals Board to develop a record on the merits of the case. The Secretary argues that the court made one error of law and three errors of fact in its order. Filing No. 27, Memorandum in Support of Respondent's Motion to Alter or Amend Judgment, Page ID #353. The court finds that there are no errors of law or fact justifying a reconsideration of the judgment, and therefore the motion for reconsideration is denied.

      The Secretary first argues that the court cannot order the ALJ to consider matters outside his regulatory purview. *Id.* at 354. The court agrees, but finds that this case falls within the jurisdiction of the ALJ. The court is not asking the ALJ to declare the relevant statutes unconstitutional, but on the contrary, the statutes, 42 U.S.C. §§ 405 and 1395i-3(h)(2)(B)(ii), plus 42 C.F.R. § 498.3 and § 488.406 allow the Secretary to hear this particular case. The court notes that in fact the Secretary and ALJs do interpret and apply the appeal regulations for consistency with the Social Security Act as well as

Supreme Court caselaw.  *See*, e.g., *Miller's Merry Manor - Rockport v. CMS*, ALJ Dec. No. CR2228 (2010) (interpreting purpose and function of nursing facility appeal regulations at 42 C.F.R. Part 498 to require meaningful administrative hearing).  The Secretary argues that the case falls outside the jurisdiction of the Administrative Law Judge, since a remedy has not been imposed.  The court disagrees, as the sanction was in place for three days and affected Medicare/Medicaid reimbursements. See 42 C.F.R. § 488.406(a)(2)(i) (enforcement remedies including denial of payment).  It is true that the Secretary "withdrew" the sanction on appeal, but she did not withdraw the underlying allegation of noncompliance.  Additionally, if the charge of sexual abuse (regardless of how it is couched or characterized) and the related "actual harm" can be used as a basis for future penalties, then it is no longer merely an unappealable deficiency finding, but is a remedy appealable under 42 C.F.R. § 488.406(a)(9).  The Secretary does not disagree that she could impose collateral, significant and serious sanctions at a later time if plaintiff is cited for something else in the future, simply on the basis of this citation.  So, the petitioner either gets its opportunity now to refute the citation, or not at all, and faces the very real potential of future sanctions related to this citation.[1]

    The Secretary next argues that the court made material errors of fact.  First, the Secretary argues that the court erred in finding that the Secretary "instructed" the ALJ to dismiss the appeal.  *Id.* at 356.  The cited language is not material, nor is it a "finding."

---

[1] The Secretary admits that "it is a rare survey that does not disclose at least some deficiencies" and that in 1992 over 90% of nursing homes received citations, so the likelihood of plaintiff receiving additional deficiencies is significant.  Filing No. 23, Page ID #325.

2

The court understands that the Secretary did not personally instruct the ALJ to dismiss the case. The ALJ dismissed the case and the Board affirmed the dismissal.

Second, the Secretary argues that the court found that Golden Living was a Special Focus Facility. The court did not find that it was a Special Focus Facility, but rather listed what penalties would be present *if* the sexual abuse finding were used to make this facility a Special Focus Facility. The court is aware that Golden Living is not, at least at the current time, a Special Focus Facility. However, the court does note again that the citation against the facility is in fact listed on the Nursing Home Compare website. The facility is listed with a one star rating, the lowest possible rating for compliance with health and safety regulations. The website is available to the public, and in fact, the public is urged to use this site to compare nursing facilities and urged to obtain and review the actual, more detailed citation.

Finally, the Secretary argues that the court erred in finding that the facility would be listed for "sexual abuse" on the Nursing Home Compare website. Although the Secretary is correct that the facility profile on the Nursing Home Compare website does not specifically say "sexual abuse," the website states that this facility is cited for a failure to "[p]rotect each resident from all abuse, physical punishment, and being separated from others." The finding is publicly accessible on the website. Filing No. 27, Memorandum in Support of Respondent's Motion to Alter or Amend Judgment, Page ID #359. The website states that Golden Living twice failed to protect residents from abuse, resulting in "actual harm" affecting its patients. As stated previously, families are advised to read and compare these listings when they are choosing a nursing home. Golden Living identifies the collateral consequences of this public listing: the facility's

rating for compliance with health care regulations is lowered on the website, which families are instructed to consider when choosing a facility.  The website advises families to obtain the full text of the citation, which would list sexual abuse, and the citation must be posted in the facility and readily available upon request.  While it is true that the phrase "sexual abuse" is not listed on the website, the website lists two incidents of abuse, which are serious allegations, and again, families are urged to obtain a copy of the citation, which would specify that the abuse was sexual abuse.  The negative result of the listing on the Nursing Home Compare website does not change because the citation is listed just as abuse rather than specifically listed as sexual abuse.

IT IS ORDERED that the Secretary of Health and Human Services' motion to reconsider, Filing No. 26, is denied.

Dated this 6th day of July, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge